1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GREGORY C. BONTEMPS,

11            Plaintiff,                    No. CIV S-07-0710 MCE CMK P

12        vs.

13    GRAY, et al.,

14            Defendants.              <u>ORDER</u>

15    _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments shall be

      collected and forwarded by the appropriate agency to the Clerk of the Court each time the

1    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in

10   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.

13   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16           A complaint, or portion thereof, should only be dismissed for failure to state a

17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21   complaint under this standard, the court must accept as true the allegations of the complaint in

22   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25           In his complaint, plaintiff alleges that he filed a staff complaint against defendant

26   Gray for filing a false disciplinary report and for not being able to use the phone.  The relief

1    plaintiff seeks is "[t]o make High Desert State Prison officials file this staff complaint as

2    follows."  To the extent that plaintiff challenges prison officials' failure to file his staff

3    complaint, he fails to state a claim under the civil rights act, for there is no constitutional right to

4    a prison grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  However,

5    in an abundance of caution, the court will grant plaintiff leave to file an amended complaint

6    against defendants which complies with Rule 15 of the Federal Rules of Civil Procedure.

7           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11   there is some affirmative link or connection between a defendant's actions and the claimed

12   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

13   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

14   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

15   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18   amended complaint be complete in itself without reference to any prior pleading.  This is

19   because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

20   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22   original complaint, each claim and the involvement of each defendant must be sufficiently

23   alleged.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the

1  California Department of Corrections filed concurrently herewith.

2          3.  Plaintiff's complaint is dismissed.

3          4.  Plaintiff is granted thirty days from the date of service of this order to file an

4  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

5  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

6  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

7  an original and two copies of the amended complaint; failure to file an amended complaint in

8  accordance with this order will result in a recommendation that this action be dismissed.

9

10  DATED:   April 19, 2007.

11

12                                          _____
                                            **CRAIG M. KELLISON**
13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26